391 S.C. 392 (2011)
706 S.E.2d 4
In the Matter of J. Cameron HALFORD, Respondent.
No. 26924.
Supreme Court of South Carolina.
Submitted January 7, 2011.
Filed February 7, 2011.
Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.
J. Cameron Halford, of Fort Mill, pro se.
PER CURIAM:
The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and consents to the imposition *393 of a letter of caution, admonition, or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

FACTS
In a two day period in May 2008, twenty-two checks were presented on respondent's real estate trust account on insufficient funds. Upon notice from his bank, respondent immediately reviewed his most recent transactions and discovered that the mistake was due to user error in submitting an electronic bank deposit. At the time, respondent used a scanner provided by the bank that was linked through an internet connection to the bank's computer. The device allowed the depositor to scan a deposit item in his office without having to physically go to the bank. Respondent failed to properly transmit the scanned image of a deposit before disbursing the funds at closing. Respondent acknowledges his failure to insure funds were available prior to disbursement violated Rule 1.15, Rule 407, SCACR.
In October 2008, four checks were presented on insufficient funds in respondent's litigation trust account. The bank honored two of the checks and returned two of the checks. The overdrafts were the result of two errors by respondent which related to the acceptance of fee payments by credit card. The first error occurred when respondent accidently refunded a payment to a client's credit card account rather than charging the payment to the account. The second error was respondent's failure to account for individual clients' credit card transactions fees assessed by the credit card companies. Respondent did not realize that credit card transaction fees varied depending on the amount of the transactions and the account type. Instead, respondent assumed that the credit card transaction fees were the same for each transaction. As a result, respondent overpaid several client accounts in the amount of $814.12. Respondent acknowledges his repeated mathematical errors in calculating credit card transaction fees and his failure to closely examine his monthly financial records violated Rule 1.15, RPC.
In December 2008, eleven checks written on respondent's real estate trust account were presented on insufficient funds. *394 These overdrafts occurred as the result of a real estate closing in which respondent electronically deposited the lender's check, but did not wait for the check to clear the bank before issuing checks on the account. After disbursing the funds, respondent learned that the lender had stopped payment on the loan check due to a recording defect. Respondent acknowledges that the lender's check did not constitute "good funds" and that Rule 1.15, RPC, required he wait to disburse the funds until after the lender's check had been collected by his bank.
Although respondent ensured his trust accounts were reconciled with his monthly bank statements, he did not reconcile his client ledger balances. Review of his records for 2008 and 2009 reveal numerous negative client ledger balances. These negative ledge balances resulted from errors, not from any misappropriation. Some negative ledger balances were the result of a failure to account for the correct credit card transaction fees as discussed above. In those instances, respondent withdrew his legal fees without accounting for the actual credit card transaction fee amounts, resulting in shortages to those particular client ledgers. Respondent has restored those funds to his trust account and corrected the ledgers.
Other negative ledger balances occurred when respondent collected "flat fees" or payments toward "flat fees" and deposited them directly to his operating account. When respondent learned he was required to deposit all fees, including flat fees, into his trust account until the fees were actually earned, he converted his system to create client ledgers for his flat fee clients. Respondent's bookkeeper, however, did not transfer the previous fee payments to the new ledgers, resulting in negative client ledger balances. Respondent has now made the ledger corrections.
Respondent admits his conduct in failing to accurately document transactions with and on behalf of clients and his failure to conduct complete monthly reconciliations violated the requirements of Rule 417, SCACR. Respondent has now completed the Legal Ethics and Practice Program Trust Account School. Further, he has retained an outside accounting service to conduct his monthly reconciliations and has ensured that the service is familiar with Rule 417, SCACR.

*395 LAW

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15(c) (lawyer shall deposit into a client trust account unearned legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred) and Rule 1.15(f)(1)(A) (lawyer shall not disburse funds from an account containing the funds of more than one client or third person unless the funds to be disbursed have been deposited in the account and are collected funds). Respondent further admits that he did not comply with the financial recordkeeping provisions of Rule 417, SCACR. Respondent acknowledges his misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers).

CONCLUSION
We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.
PUBLIC REPRIMAND.
TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.