715 S.E.2d 337

**In the Matter of Michael James SARRATT, Respondent.**

**No. 27039.**

Supreme Court of South Carolina.

Submitted July 12, 2011.

Decided Sept. 12, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Michael James Sarratt, of Landrum, pro se.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to the imposition of a letter of caution, an admonition, or public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

Respondent is a sole practitioner. He mainly handles domestic and criminal cases. Respondent admits that he depos-

ited unearned fees into his own personal account rather than into his trust account. At times, he deposited flat fees into his personal account.[1]

On February 4, 2010, the Court placed respondent on interim suspension and appointed an attorney to protect his clients' interests. *In the Matter of Sarratt*, 387 S.C. 220, 692 S.E.2d 892 (2010). During the process of returning files, several of respondent's clients requested a refund, claiming respondent had not earned all the monies paid to him. Respondent did not have sufficient funds in his trust account to refund monies to these clients. The attorney to protect clients' interests spoke with respondent about these claims and respondent acknowledged that the clients were due refunds because he had not earned all of the monies paid to him at the time of his interim suspension. Respondent has now reimbursed all clients who were owed the return of unearned legal fees at the time of his interim suspension.

## *LAW*

Respondent admits that, by his misconduct, he has violated the Rules of Professional Conduct, Rule 407, SCACR, particularly Rule 1.15(a) (lawyer shall hold property of clients in lawyer's possession in connection with representation in an account separate from the lawyer's own property) and Rule 1.15(c) (lawyer shall deposit into client trust account unearned legal fees and expenses that have been paid in advance, to be withdrawn by lawyer only as fees are earned or expenses incurred). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## *CONCLUSION*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Disci-

---

1. Respondent stipulates that the deposit of flat fees into his personal account constitutes a violation of the Rules of Professional Conduct. As we noted in *In the Matter of Halford*, 392 S.C. 66, 708 S.E.2d 740 (2011), the handling of flat fees is a complex matter. We do not intend this opinion to set forth a categorical rule addressing flat fees.

pline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.